DISTRICT COURT OF GUAM

TERRITORY OF GUAM

CHRISTINA AU,

        Plaintiff,

        vs.

TSANG BROTHERS CORP.,

        Defendant,

CIVIL CASE NO. 15-00019

REPORT AND RECOMMENDATION

Before the court is Defendant's Motion to Dismiss Counts Three and Four of the Complaint filed herein by Plaintiff.

On June 5, 2015, Plaintiff Christina Au, filed her Complaint against Defendant Tsang Brothers Corp., seeking compensatory and punitive damages for Defendant's violation of federal and Guam laws prohibiting gender discrimination. *See* ECF No. 1.

Count One of the Complaint alleges a gender discrimination violation pursuant to 42 U.S.C. § 2000e et. seq. (Title VII of the Civil Rights Act) by Defendant against Plaintiff and Count Two seeks punitive damages for the said federal law violation.

Count Three of the Complaint alleges a state law gender discrimination violation pursuant to §§ 3302 and 3303 of Title 22 of the Guam Code Annotated by Defendant against Plaintiff and Count Four seeks punitive damages for the said violation pursuant to 20 Guam Code Ann. § 2120 and 22 Guam Code Ann. § 3304.

On September 25, 2015, Defendant filed a Motion to Dismiss Counts Three and Four of Plaintiff's Complaint on the basis that Plaintiff did not file a timely administrative complaint under Guam law. *See* ECF No. 11.

On October 12, 2015, Plaintiff filed her Opposition to the Motion to Dismiss. *See* ECF No. 16.

On October 26, 2015, Defendant filed its Reply to Plaintiff's Opposition. *See* ECF No. 20.

On December 28, 2015, the Motion to Dismiss Counts Three and Four was referred to the undersigned for a Report and Recommendation. *See* ECF No. 21.

The court set oral arguments on the motion for February 9, 2016. *See* ECF No. 22.

On February 8, 2016, the parties filed a Stipulated Notification that they were in the process of completing a settlement agreement which was tied to a global settlement with other entities in the Superior Court of Guam. The court was asked to stay the proceedings for at least two months. *See* ECF No. 23. Based upon the notification, the court continued oral arguments to April 7, 2016. *See* ECF No. 24. The court continued oral arguments on the motion several times until it finally heard the motion on May 17, 2016.

At the conclusion of the oral arguments on May 17, 2016, the court took the matter under advisement. Having given due consideration to the Motion To Dismiss, the Opposition, and the Reply, and having further heard oral arguments, the court now renders its Report and Recommendation.

**BACKGROUND** and **DISCUSSION**

Plaintiff has filed a gender discrimination action against Defendant alleging violations under Title VII of the Civil Rights Act and Guam Code Ann. § 3302. The motion before the court relates only to the allegations in relation to the state law claims.

Plaintiff was an employee of Defendant company which operated a construction material sales business on Guam. Her husband was a 20% shareholder in the business, along with other family members. Plaintiff alleges that she was subjected to discrimination on the basis of her gender and was eventually terminated for complicity in theft from the company. Plaintiff, however, asserts that her termination from Defendant's employment was just a pretext to hide the real reason for the termination, which was discrimination. Plaintiff alleges federal and state law violations. The state law violations are the subject of the present motion.

According to the complaint, Plaintiff received a memorandum[1] on or about February 17, 2014 that her position as Office manager was no longer needed. Shortly thereafter, she was locked out of the company and her employment was effectively terminated.[2]

Plaintiff states that she filed a Charge of Discrimination with the Guam Department of Labor (hereinafter referred to as "GDOL") on July 3, 2014, which was within 180 days of her termination by Defendant because of her gender, in violation of Title VII of the U.S. Civil Rights Act of 1964.[3]

On March 13, 2015, she received her statutory 90-day right to sue letter from the U.S. Equal Employment Opportunity Commission, Los Angeles District Office.[4]

## LEGAL STANDARDS AND ANALYSIS

Defendant has moved to Dismiss Counts III and IV of Plaintiff's Complaint. These are Plaintiff's allegations raising gender discrimination under state law. Defendant argues that the said counts should be dismissed because (1) Plaintiff failed to timely file an administrative complaint with GDOL under Guam law and (2) Plaintiff failed to appeal the GDOL's finding of no causal connection between her gender and her termination. Defendant cites the court to the provisions of Article 2 of Chapter 5 of Title 22 of the Guam Code Annotated. Article 2 governs employment practices and provides for unlawful discrimination.

**A. PLAINTIFF DID NOT FILE COMPLAINT WITH GDOL WITHIN 90 DAYS**

22 GCA § 5206 provides:

> An[y] person claiming to be aggrieved by an alleged unlawful employment practice or discrimination, may file with the Department a verified complaint...which shall set forth the particulars thereof...
> No complaint shall be filed after the expiration of ninety (90) days after the alleged act of unlawful ....discrimination.

---

[1] See Paragraph 29 of the Complaint.

[2] See Paragraph 31 of the Complaint.

[3] See Paragraph 6 of the Complaint.

[4] See Paragraph 7 of the Complaint.

Page -3-

22 GCA § 5201 makes it an unlawful employment practice for any employer to discriminate against any individual with respect to her employment "because of race, sex (including gender identity or expression), age, religion, color, honorably discharged veteran and military status, sexual orientation, or ancestry."

Defendant points out that Plaintiff was effectively terminated on or about February 17, 2014, but did not file a complaint with GDOL as required by Section 5206 until July 3, 2014. Defendant further points out Plaintiff was required to have filed her complaint by May 18, 2014, 90 days after her alleged illegal termination. Plaintiff, however, filed her complaint on July 3, 2014, allegedly 46 days later than required under the statute. Since Plaintiff did not file her complaint within 90 days after her alleged termination, her state law claim is time barred and must be dismissed.

Defendant has attached as Exhibit A, a copy of the Charge of Discrimination filed by Plaintiff on July 3, 2014. It was received by FEPO/GDOL on July 3, 2014.

**B. PLAINTIFF DID NOT APPEAL GDOL'S FINDING UNDER THE AAL**

Defendant also argues that Plaintiff did not timely bring her state law claims as she did not appeal the findings of GDOL by seeking a judicial review of GDOL's decision through the Administrative Adjudication Act (AAL) or by filing her state claims with the court within the time frame provided for under the AAL.

On December 15, 2014, GDOL, through its Fair Employment Practice Office[5] (FEPO), sent Plaintiff a letter, advising Plaintiff it had completed its investigation of her complaint. The letter advised Plaintiff that GDOL found "no sufficient evidence to show a causal connection between the adverse action and your protected category." The letter advised Plaintiff that she had seven days to seek reconsideration of the decision from GDOL. *See* ECF No. 11-2. Plaintiff did not seek reconsideration and received a further letter from GFDOL advising her that her case had been closed. The letter, however, further advised Plaintiff that if she did not

---

[5]The Fair Employment Office of GDOL is an agency for the U.S. Equal Employment Opportunity Commission (EEOC). *See* December 15, 2014 letter to Plaintiff, ECF NO. 11-2.

agree with GDOL's determination, she could request "a substantial weight review" from the EEOC. *See* ECF No. 11-3.

It is Defendant's position that Guam's AAL governs the procedure by which a state law discrimination claim is handled. That meant that if Plaintiff wished to appeal GDOL's findings, she was required to seek judicial review under Guam's AAL. 5 GCA § 9241 provides:

> Judicial review may be had by filing a petition in the Superior Court for a writ of mandate in accordance with the provisions of the Code of Civil Procedure. Except, as provided in this Section any petition shall be filed within (30) days after the last day on which reconsideration can be ordered.

Defendant argues that under the AAL, Plaintiff needed to file a petition for judicial review within 30 days after December 22, 2014, the deadline set for filing a petition for reconsideration. Plaintiff failed to file said petition by January 21, 2015. Rather, she filed her complaint on June 5, 2015. Thus, Defendant argues that her right to file a state law claim in the Superior Court of Guam is time barred because she did not seek judicial review of GDOL's decision nor did she file the present action by January 21, 2015 as mandated by the AAL.

### C. PLAINTIFF ARGUES DIFFERENT PROCEDURE APPLIES

Plaintiff has opposed the motion and argues that the filing of her state law claims is not based upon the provisions of Chapter 5 of Title 22 of the Guam Code Annotated but rather on Chapter 3 of Title 22., which specifically addresses only sex and age discrimination.

Specifically, in Paragraph 1 of her complaint, Plaintiff states that her action is brought pursuant to 42 U.S.C. § 2000e et. seq. (Title VII of the Civil Rights Act of 1964), as amended, and pursuant to Sections 3302 and 3304 of Title 22 of the Guam Code Annotated.

The Guam statutes provide:

> § 3302. Prohibition of Age or Sex Discrimination
> It shall be unlawful for an employer:
> (a) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect...conditions or privileges of employment because of such individual's age or sex.
>
> § 3304. Enforcement.
> (a) Any person alleging a violation of this Chapter may bring a civil action in the Superior Court for such legal or equitable relief as will effectuate the purposes of this Chapter.

It is Plaintiff's contention that Defendant has failed to identify the legal authority by which she brings her complaint into court. Plaintiff states that she brings her gender discrimination action pursuant to § 3304 of Article 3 of Chapter 3 of Title 22. Defendant, however, refers to an administrative claim procedure identified in Chapter 5 of Title 22 for processing with GDOL discrimination complaints. Plaintiff contends that these are two distinct chapters that provide different procedures for processing sex discrimination claims filed under the respective chapters. More importantly, the two chapters provide different relief methods.

Plaintiff informs the court that states and territories can and do create statutory schemes which provide unlawfully discriminated individuals with employment redress by allowing the direct filing of an employment discrimination action in court without requiring the aggrieved employee to go through a state administrative process as a condition prior to filing in court. Plaintiff cites the court to *Price v. Boone Cnty. Ambulance Auth.*, 337 S.E. 2d. 913, 915 (1985) and *Elek v. Huntington Natl. Bank*, 573 N.E.2d 1056, 1058 (Ohio 1991).

Plaintiff argues that Chapter 3 of Title 22 provides individuals who are subject to age and sex discrimination the right to file suits directly with the court. Relief under Chapter 3, however, is limited only to those individuals who have been unlawfully discriminated by an employer based upon the individual's sex or age. Chapter 5 of Title 22, on the other hand, is more broad and allows individuals subject to various unlawful discrimination acts (including sex and age) to file complaints and go through the administrative procedure as a means of having their complaints investigated and determined in the first instance by GDOL rather than through court litigation.

Plaintiff argues that she is not required to file an administrative complaint with GDOL pursuant to the provisions of Chapter 5. More importantly, she argues that the administrative remedies in Chapter 5 and its filing requirements do not apply to Chapter 3 proceedings, i.e., Plaintiff need not file an administrative complaint within 90 days of the unlawful discrimination act with GDOL before she can bring a court action under Chapter 3.

Plaintiff argues that the Guam Legislature clearly contemplated two different and separate procedures to remedy individual claims for unlawful employment discrimination which

are based solely upon sex or age. Such complaints can (1) proceed through the administrative process with GDOL and have that claim investigated and determined through GDOL's internal procedures (Chapter 5) and/or (2) file a direct action against the employer in the Superior Court pursuant to § 3304 (Chapter 3). Plaintiff argues that neither chapter voids the other or controls the other. Thus, Plaintiff contends that if she were required to exhaust her administrative remedies contained in Chapter 5, the provisions of Chapter 3 which authorizes the filing of a sex discrimination in court would be rendered void and meaningless.

Defendant, however, argues that adopting Plaintiff's reasoning and not requiring Plaintiff to comply with Guam's administrative remedies for dealing with sex and age discrimination equates to: (1) violating principles of statutory construction, including the plain language and *pari materia* doctrines; (2) ignoring Guam law on exhaustion of remedies; (3) ruling against the Guam Supreme Court's ruling in *Barrett-Anderson v. Camacho*, 2015 WL 4035648; (4) nullifying the present state law administrative scheme which has existed for almost 50 years and removing the jurisdiction and authority of GDOL to handle discriminatory practices in Guam; and (5) ignoring evidence that Plaintiff herself attempted to take advantage of the administrative processes, although in an untimely manner.

The court addresses arguments put forth by Plaintiff and Defendant by first examining whether or not Plaintiff has failed to exhaust her administrative remedies.

### D. FAILURE TO FILE ADMINISTRATIVE CLAIM WITHIN 90 DAYS

Defendant argues that Plaintiff's state law claims in Counts Three and Four are time-barred because she did not file a complaint within 90 days from the date of the alleged unlawful practice. The court notes that before Plaintiff filed her present state law claims in this court, she did elect to file an administrative complaint with GDOL. The Charge of Discrimination was filed with GDOL on July 3, 2014. *See* ECF No. 11-1. Defendant argues, however, that under the time limitation set forth in § 5206, the administrative complaint was filed with GDOL approximately 46 days too late. Thus, while acknowledging that Plaintiff filed an administrative complaint, Defendant argues that she did not exhaust her administrative remedies because her complaint was filed too late.

Did Plaintiff fail to exhaust her administrative remedies when she filed her administrative complaint with GDOL late? In examining this issue, the court notes that GDOL has never ruled that Plaintiff failed to exhaust her administrative remedies. GDOL has never ruled that Plaintiff's administrative complaint was time-barred with respect to her state law claims because her complaint was filed too late. GDOL has never dismissed Plaintiff's complaint because it was time-barred. In fact, GDOL has never treated Plaintiff's administrative complaint and her state law claims as being time-barred.

Rather than dismissing Plaintiff's administrative complaint because it was untimely filed, it appears to the court that GDOL investigated Plaintiff's complaint and made a preliminary finding for closure "because there was insufficient evidence to substantiate discrimination." See ECF No. 11-2, letter of December 15, 2014, from GDOL to Plaintiff.

In its letter to Plaintiff, GDOL states:

> The preliminary finding was based on evidence submitted, evidence from the employer, evidence obtained by independent investigation, which was carefully reviewed and analyzed.... The finding, however, does not mean that the acts you alleged did not occur, but rather, that they did not constitute a violation of the law, within the jurisdiction of GDOL/FEPO.
>
> GDOL/FEPO is a neutral, fact-finding agency. We do not represent you or the employer in the course of our investigation.
>
> You have the right to appeal the decision by requesting a petition for reconsideration from this agency....within seven (7) days from the date of this letter.
>
> Thank you for the patience and cooperation you have given GDOL/FEPO, while your case was being brought to resolution.

It thus appears to the court that GDOL's response to Plaintiff's filing of her Charge of Discrimination was not a dismissal of the administrative complaint because it was untimely filed, but rather an independent investigation conducted by GDOL/FEPO and a subsequent determination by the agency of the merits of the administrative complaint. In its investigation, GDOL/FEPO found the complaint to be unsubstantiated but gave notice to Plaintiff that she had seven (7) days from the date of the letter to seek reconsideration of GDOL/FEPO's finding.

GDOL/FEPO further acted upon Plaintiff's administrative complaint by sending another letter to her dated December 23, 2014. *See* ECF No. 11-3. The letter advised Plaintiff that her

case was being closed effective December 23, 2014 since she did not seek reconsideration of GDOL/FEPO's finding within the seven (7) days of its December 15, 2014 letter. GDOL/FEPO further advised Plaintiff that if she did not agree with the agency's determination, she could request a Substantial Weight Review from the U.S. EEOC since her complaint was dual-filed with the U.S. EEOC. Such a request needed to be made within fifteen (15) days of the date of the letter and addressed to Karrie Maeda, the State and Local Coordinator of the U.S. EEOC from the Los Angeles District Office.

It appears from the Plaintiff's complaint herein that Plaintiff did seek additional review of GDOL/FEPO's determination and requested a Substantial Weight Review of the Charge from the U.S. EEOC. Attached to Plaintiff's complaint is a letter from Karrie Maeda to Plaintiff's attorney which advised Plaintiff that the U.S. EEOC did conduct a Substantial Weight Review of her Charge.

Maeda's letter advised Plaintiff that a complete review of the case was conducted by the U.S. EEOC and the agency found that the evidence failed to substantiate a violation of the laws against discrimination. The review determined that the case was investigated by GDOL in accordance with applicable procedures. Maeda's letter acknowledged Plaintiff's right to disagree with the U.S. EEOC's finding and her right to pursue the matter in court. Plaintiff was given a Notice of Right to Sue and advised that if she did not file the lawsuit within 90 days of her receipt of the Notice, her right to sue will expire. More importantly, Plaintiff was advised that her right to sue, once expired, could not be restored by the U.S. EEOC.

The court has given careful examination of the Charge filed by Plaintiff with GDOL/FEPO. The Charge was received by the agency and acted upon by the agency. The Charge was dual-filed. At no time did GDOL dismiss the Charge (the administrative complaint) as untimely filed. Acknowledging that the complaint was dual-filed, GDOL never entered an order dismissing any state claim as untimely filed.[6] GDOL took the complaint and

---

[6] The court has not seen any letter or other documentation from GDOL that Plaintiff's state law claim was dismissed because it was time-barred or filed too late.

Page -9-

independently investigated the merits of the complaint and found that the Charge was unsubstantiated. In its December 15, 2014 letter, GDOL advised Plaintiff it had seven days to seek reconsideration with the agency of its decision that no discrimination occurred. Plaintiff did not seek reconsideration. GDOL then closed its case but further advised Plaintiff she could seek a Substantial Weight Review with the U.S. EEOC of its decision in closing the case. Plaintiff did seek a further review with the U.S. EEOC, but the findings remained the same. Plaintiff, however, received a Notice of Right To Sue and hence, she commenced this litigation.

With the investigation made by GDOL and its subsequent finding that Plaintiff's administrative complaint was unsubstantiated, it is difficult for the court to perceive and conclude that Plaintiff did not pursue her administrative remedies under Chapter 5. She filed a complaint pursuant to § 5206. The complaint was not dismissed as untimely by GDOL. However, GDOL could have entered a finding that her complaint was time-barred under § 5206 but GDOL chose not to and proceeded to investigate the merits and decided upon the merits of the case. Thus, this case has the requisite finding and expertise of the agency given authority under Guam law to handle and investigate such complaints. Defendant's argument that Plaintiff did not exhaust her administrative remedies because she did not file her complaint within 90 days of the unlawful action is unavailing because GDOL proceeded to investigate and determine the case on its merits. GDOL must have waived or extended the filing time requirement. There is also no indication on the record that Defendant sought a dismissal of the state law claim because it was untimely filed with GDOL. Thus, Defendant may have waived the untimely filing with GDOL. See *Kelson v. City of Springfield*, 767 F. 2d 651 (9th Cir. 1985), failure to plead an affirmative defense below results in a waiver and cannot be raised for the first time on appeal. Because GDOL disposed of the complaint on its merits, it may be difficult for Defendant at this juncture to argue that the complaint was untimely filed if the argument is being made for the first time within this proceeding. See *U.S. v. L.A. Tucker Truck Lines, Inc.,* 344 U.S. 33, 73 S. Ct. 67 (1952). See also *Jovanovich v. USA*, 813 F. 2d 1035, (9th Cir. 1987), a court cannot consider a claim raised for the first time on appeal.

Assuming, however, that Defendant is able to make the argument that Plaintiff failed to

exhaust her administrative remedies under Chapter 5 because she filed her state law administrative claim late, Plaintiff argues that she is not barred from filing an action under Chapter 3 because her remedy under Chapter 5 was illusory. Plaintiff cites to *CAPOGEANNIS et al., Petitioners, v. The SUPERIOR COURT of Santa Clara County, Respondent; William SPENCE et al., Real Parties in Interest*, 15 Cal Rptr 2d 796, 805 1996. Therein, court stated:

> But even were we to assume that the Capogeannises had purported to elect a theory of permanent nuisance, we would conclude that the Capogeannises could not be deemed bound because the purported election would have been illusory: At the time the Capogeannises filed their complaint a theory of permanent nuisance was already barred by the statute of limitations defense that both defendants promptly asserted, and thus the Capogeannises in fact had no meaningful election to make. At least since **Agar v. Winslow (1899) 123 Cal. 587, 590–591, 56 P. 422, California courts have made clear that a plaintiff's decision to pursue, even to a defense judgment, a theory that was not available to him or her at the time of suit will not bar subsequent pursuit of a viable alternative theory. (Cf. generally 3 Witkin, Cal.Procedure (3d ed. 1985) Actions, §§ 143–144, pp. 172–174.)

Plaintiff initially did elect to file an administrative claim with GDOL. If, however, that administrative claim was barred because Plaintiff had filed the claim late, then that remedy was illusory because it was no longer a viable remedy because the time for filing the claim had expired. Plaintiff's decision to initially pursue that remedy therefore will not bar a subsequent suit which is based upon a viable alternative theory. Plaintiff's filing of the present suit represents an alternative viable theory. Plaintiff during oral argument also cited the court to other cases representing the same authority.

**E. FAILURE TO APPEAL GDOL'S DECISION UNDER THE AAL**

Defendant also argues that Plaintiff failed to exhaust her administrative remedies because she did not seek a judicial review of GDOL's decision as mandated by the AAL. *See* Defendant's arguments *supra*.

It is Defendant's position that the AAL governs GDOL's handling of the discrimination claims. Specifically, § 5208 requires that hearings held by GDOL be conducted in accordance with the AAL. Based upon the above section, it is Defendant's position that if Plaintiff wished to appeal GDOL's finding, she had to seek judicial review pursuant to 5 GCA § 9241 and file a

Page -11-

petition in the Superior Court of Guam for a writ of mandate no later than 30 days after which reconsideration can be ordered. This date would have been January 21, 2015. It is also Defendant's position that Plaintiff needed to file the petition for a writ of mandate or this case by January 21, 2015. Plaintiff did not file this action until June 5, 2015.

Chapter 5 of Title 22 allows the filing of a discrimination complaint to be processed pursuant to GDOL's administrative procedures. GDOL's jurisdiction and its authority is outlined in § 5205. Said section provides:

> § 5205. Enforcement Jurisdiction; Power of Department to Prevent Unlawful Discrimination.
>
> The Department of Labor...shall have jurisdiction... over the subject of employment practices and discrimination made unlawful by this Chapter. When it shall appear to it that an unlawful employment practice or discrimination may have been committed, the Department shall make a prompt investigation in connection therewith. If it is determined after such investigation that further action is warranted, the Department shall immediately endeavor to eliminate the unlawful employment practice or discrimination complained of, by conference, conciliation and persuasion.

GDOL undertook an investigation of the Charge filed by Plaintiff and based upon the investigation, it made a preliminary finding that the Charge was unsubstantiated. GDOL reviewed evidence submitted, evidence from the employer, and evidence obtained from independent investigation. Since the preliminary finding by GDOL showed no sex discrimination, it was not necessary to "endeavor to eliminate the unlawful employment practice or discrimination complained of, by conference, conciliation, and persuasion." § 5205.

If, however, the preliminary finding showed an unlawful employment practice or discrimination, GDOL was duty bound to immediately endeavor to eliminate the discrimination. See §§ 5205 and 5207. If GDOL failed to eliminate the unlawful employment practice or discrimination, GDOL could seek a hearing under the AAL in which a written accusation would have been prepared and served upon the employer to answer as the respondent thereto. Such a hearing would have had to be conducted pursuant the AAL.

If GDOL went through a hearing procedure, it was required to have had a hearing officer preside over the hearing. *See* 5 GCA § 9220. If after the hearing, GDOL found that respondent

(the employer) had not engaged in any unlawful employment practice or discrimination, it was required to serve on the complainant an order dismissing the accusation as to Respondent as well as serving the Attorney General. Any order issued by GDOL must have "printed on its face, reference to the provisions of the Administrative Adjudication Act which prescribed the rights of appeal of any party to the proceeding to whose position the order is adverse." *See* § 5209.

It is clear from the letters herein that GDOL undertook a preliminary investigation and found that the administrative complaint was unsubstantiated. It never conducted a hearing under the AAL. The only appeal notification given to Plaintiff was her right to seek reconsideration with GDOL within seven days. GDOL never gave notice to Plaintiff of a right to appeal its decision to close the case by filing a writ of mandate in the Superior Court of Guam. It never gave notice to Plaintiff of a right to seek judicial review under the AAL. Rather, in the process of closing her case, GDOL gave Plaintiff notice that she could seek a Substantial Weight Review with the EEOC if Plaintiff wanted to further appeal GDOL's decision.

Thus, in review of GDOL's letters to Plaintiff, the court finds that the administrative provisions of Chapter 5 do not expressly allow judicial review of a preliminary finding by GDOL when a complaint is unsubstantiated and GDOL has not conducted a hearing. Plaintiff's failure to pursue an appeal of that finding is not a bar to her filing of the subsequent action because the provisions of Chapter 3 authorize the filing of an independent action.

Finally, a plain reading of the provisions of Chapter 5 of Title 22 reveals that it is a legal scheme by which an individual who is a subject of discrimination may file a complaint with GDOL regarding the discrimination and have GDOL determine the merits of the complaint. The complainant is bound by the decision of GDOL and if the complainant is not satisfied with GDOL's decision, the complainant's only remedy is the filing of a judicial review petition with the Superior Court through a writ of mandate. Chapter 5 does not authorize the filing of a new direct action against the alleged offending employer. Chapter 5 does not authorize GDOL to issue a Notice of a Right to Sue letter. Chapter 5 does not allow any independent action against

the alleged offending employer.

The right to sue an alleged offending employer for an age or sex violation discrimination is contained solely in Chapter 3 of Title 22 under 22 GCA § 3304.

Thus, the court finds that Plaintiff's failure to appeal GDOL's decision[7] pursuant to the procedures of Chapter 5 of Title 22 does not bar a subsequent direct action against Defendant under Chapter 3 of the same Title 22.

### F. APPLICABILITY OF BARRETT-ANDERSON V. CAMACHO

The Supreme Court of Guam in the above case held that the Attorney General (hereinafter referred as "AG") was required to exhaust her administrative remedies prior to filing a declaratory action against Director John Camacho, of the Department of Revenue and Taxation (DRT) to determine the validity of certain gaming regulations.

The AG filed a declaratory action under 7 GCA § 26810 to determine the validity of certain gaming regulations under DRT. The statute provides:

> Any person ... who desires a declaration of his rights or duties with respect to another ... may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action in the court having jurisdiction for a declaration of is rights and duties in the premises.

DRT moved to dismiss the action pursuant to 5 GCA § 9309 on the basis that the AG failed to exhaust her administrative remedies since she did not first seek a declaration from DRT regarding the validity of the gaming regulations. The trial court agreed and the AG appealed.

5 GCA § 9309 in pertinent part provides:

> The validity of any rule may be determined upon petition for a declaratory judgment thereon addressed to the Superior Court of Guam, when it appears that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair the legal rights or privileges of the petitioner. The agency shall be made a party to the proceeding. The declaratory judgment may be rendered only after the petitioner has first requested the agency to pass upon the validity of the rule in question and the agency has so ruled or has failed to rule within ninety (90) days.

In *Barrett-Anderson*, the Supreme Court stated that when read in isolation 7 GCA

---

[7]The court also takes notice that Plaintiff was never informed by GDOL of her right to appeal its closure decision through the AAL.

§ 26810 appears to provide an avenue to the AG to challenge a regulatory scheme without the need to comply with administrative requirements.  The court stated that the statute could not be read in isolation and must be examined within its context by looking at other related statutes.  In looking at 5 GCA § 9309, the court noted that § 9309 provided a comprehensive and more specific procedure to challenge the validity of DRT's regulations.  The court found that the doctrine of exhaustion of administrative remedies may not be circumvented by bringing a general action for declaratory relief under 7 GCA § 26810.  Although the Supreme Court held that the AG was bound by 5 GCA § 9309, the court eventually found that it would have been futile to require the AG to exhaust her administrative remedies.

In examining the above case, court finds it very significant that when comparing the more specific agency declaratory judgment statute (5 GCA § 9309) with the general declaratory judgment statute (7 GCA § 26810) under which the AG proceeded in the above case, the Supreme Court stated: "This is the exact relief sought by the AG."[8]  Thus, the court found that the relief sought by the AG in § 26810 of Title 7 was the same relief provided in § 9309 of Title 5.

In the instant case, Plaintiff brought a direct action against Defendant for a sex discrimination violation and seeks relief pursuant to 22 GCA § 3304.  Defendant argues that Plaintiff should have filed an administrative complaint with GDOL before filing her direct action suit against Defendant.

A careful examination of the administrative provisions of Chapter 5 of Title 22 illustrates that Chapter 5 does not provide a relief akin to what Plaintiff seeks in her action against Defendant under Chapter 3.  Chapter 5 does not authorize a direct suit by Plaintiff against Defendant for a sex discrimination violation.  It requires the filing of an administrative complaint with GDOL and the investigation of that complaint by GDOL.  If GDOL finds that there is some basis for the alleged discriminatory act, it must immediately "endeavor to

---

[8]The relief sought by the AG in Section 26810 of Title 7 was the same relief provided in Section 9309 of Title 5.

Page -15-

eliminate the unlawful employment practice or discrimination complained of, by conference, conciliation, and persuasion." 22 GCA § 5205. If GDOL files formal charges against the employer (respondent), the proceedings must proceed through the provisions of the AAL. 22 GCA §§ 5207 and 5208. An aggrieved party can seek redress of GDOL's decision only by appealing pursuant to the AAL. 22 GCA § 5209. Thus, if the employer were to prevail at that hearing, the employee is left solely with a judicial review remedy. 5 GCA § 9240. The employee must file a petition in the Superior Court for a writ of mandate. 5 GCA § 9241. A complainant's relief that is limited to the filing of a petition to review an agency decision through a writ of mandate action is substantially different from a relief that authorizes a direct action against the employer.

The court also finds significant in the *Barrett-Anderson* case the requirement in § 9309 that a declaratory judgment may be rendered only after the petitioner has first requested the agency to pass upon the validity of the rule in question and has done so or failed to do so. In the *Barrett-Anderson* case, the AG bypassed this procedure and directly filed a declaratory judgment action.

In the instant case, there is no provision in the administrative procedures of GDOL that requires the filing of an administrative complaint prior to filing a direct action in court. As stated above, there is no right given to an aggrieved employee to file a direct action against an employer. 22 GCA § 3304 is the only statutory provision that gives discriminated employees the right to file direct suits against alleged offending employers. More importantly, this right is given solely to employees who are subject to such discrimination violations based solely upon sex and age.

If an employee is the subject of discrimination based upon race, that employee must file an administrative claim with GDOL in order to pursue a state claim violation. If an employee is the subject of discrimination based upon religion, that employee must file an administrative claim with GDOL in order to pursue a state claim violation. If an employee is the subject of discrimination based upon color, that employee must file an administrative claim with GDOL in order to pursue a state claim violation. If an employee is the subject of discrimination based

upon military status, that employee must file an administrative claim with GDOL in order to pursue a state claim violation. If an employee is the subject of discrimination based upon ancestry, that employee must file an administrative claim with GDOL in order to pursue a state claim violation. In the above discrimination violations, Guam law has not yet recognized the right of these discriminated individuals to file direct actions against the offending employers. However, it has done so with respect to age and sex discrimination.

In reading the plain language of Chapter 3 of Title 22 (unlike 5 GCA § 9309), nothing therein requires an aggrieved individual to first file a claim with GDOL as a condition to filing an action in a court of law. At the same time, nothing therein prevents an aggrieved employee from first filing an administrative complaint with GDOL.

Thus, for the reasons stated above, the court finds that the exhaustion of administrative rights ruling in *Barrett-Anderson* case does not apply to the instant case. The court agrees with Plaintiff's position that these are two distinct and separate statutory schemes with two different reliefs available.

The court also finds there is some difference in the damages provisions under the two chapters.

Under Chapter 5, GDOL may take "affirmative action, including ... hiring, reinstatement or upgrading of employees, with or without back pay, ... as, in the judgment of the Department will effectuate the purposes of this Chapter..." 22 GCA § 5209.

Under Chapter 3, a person may bring a civil action for such legal or equitable relief as will effectuate the purposes of the Act, "including without limitation judgments compelling employment, recovery of attorney fees, reinstatement or promotion or enforcing the liability for amounts deemed to be unpaid wages." 22 GCA § 3304.

As stated above, Chapter 3 authorizes a direct suit against an alleged offending employer and also provides a recovery for attorney fees, types of relief that are not available to an employee proceeding under Chapter 5. There may be other types of relief provided therein that do not apply to proceedings under Chapter 5.

If, however, the provisions of Chapter 5 are held to apply to Chapter 3 actions, the court

also finds that Plaintiff has exhausted her administrative remedies as she has filed an administrative complaint and has gone through the administrative process with GDOL. More importantly, her administrative complaint was determined and decided upon its merits.

## CONCLUSION

For the reasons stated above, the court recommends that the Chief Judge deny Defendant's Motion to Dismiss Counts Three and Four of Plaintiff's complaint because:

1) The administrative provisions of Chapter 5 of Title 22 apply only to administrative claims brought under Chapter 5 and do not apply to proceedings commenced under Chapter 3 of Title 22.

2) If the administrative provisions of Chapter 5 were found to apply:

(a) Plaintiff has exhausted her administrative remedies by her filing of an administrative claim with GDOL and GDOL's subsequent investigation and denial of the claim on its merits. Defendant should not be permitted to argue a late filing if it was not originally raised as a defense in the administrative process; and

(b) Plaintiff's election to first pursue and file an administrative remedy with GDOL coupled with her late filing was "illusory" since the administrative remedy was already barred by the statute of limitations. She was not barred, however, from filing this action under an alternative viable theory.

3. The Supreme Court of Guam decision in *Barrett-Anderson vs. Camacho* does not apply to this case.



/s/ Joaquin V.E. Manibusan, Jr.
U.S. Magistrate Judge
Dated: Jun 27, 2016

## NOTICE

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)**